UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RAY CHARLES WASHINGTON                    CIVIL ACTION

v.                                        NO. 12-938

M. RODRIGUE & SON, INC.                   SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for fraudulent statements on pauper affidavit. For the reasons that follow, the motion is GRANTED.

**Background**

This Title VII lawsuit arises from an employee's complaint that he was subjected to a racially hostile work environment and retaliation.

On April 11, 2012 Ray Charles Washington instituted this lawsuit against M. Rodrigue & Son, Inc. by filing with the Court an application to proceed without prepaying fees or costs. This application, or pauper affidavit, as it is known, is made expressly subject to penalty of perjury and dismissal of his claims.[1] Washington completed and signed the Pauper Affidavit, representing

---

[1]Above the signature line on the Pauper Affidavit, it states: "Declaration: I declare under penalty of perjury that the above information is true and understand that a false statement may result in dismissal of my claims."

1

to the Court under oath that he is indigent and unable to pay costs and fees; included in the affidavit are representations by Washington concerning his income, assets, expenses, dependents, and general financial status. Based on his pauper application, Magistrate Judge Shushan granted Washington leave to proceed in forma pauperis and his Title VII complaint was entered into the record on April 13, 2012.

After the magistrate judge denied the plaintiff's request to appoint counsel and after the defendant filed its answer to the complaint, the Court granted the plaintiff's motion to enroll private counsel. But after a scheduling order was issued and the defendant's motion to compel discovery responses was granted in part and denied in part, plaintiff's counsel withdrew from representing the plaintiff. No counsel has been substituted in her place.

The defendant now requests dismissal of Washington's lawsuit on the ground that discovery has revealed that he made fraudulent statements on his pauper affidavit.

                                    I.

District courts may authorize litigants to proceed in a lawsuit without paying any fees if they submit an affidavit disclosing all of their assets and their reasons for their inability to pay. 28 U.S.C. § 1915(a)(1). However, 28 U.S.C. § 1915(e)(2)(A) calls for dismissal of a claim if at any time it is

discovered that a plaintiff's allegations of poverty are untrue:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A)  the allegation of poverty is untrue.

28 U.S.C. § 1915(e)(2)(A).[2]  Thus, a case must be dismissed if it is determined that a plaintiff's allegations of poverty are untrue:

> [C]ourts "shall dismiss" a case upon finding an allegation of poverty is false, 28 U.S.C. § 1915(e)(2)(A), or "the action ... is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(I), or the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).  Importantly, § 1915(e)(2) is phrased in mandatory rather than permissive terms....

Castillo v. Blanco, 330 Fed. Appx. 463, 466 (5th Cir. 2009); see also Thomas v. GMAC, 288 F.3d 305 (7th Cir. 2002).  The statute is silent as to whether dismissal for false poverty allegations should be with or without prejudice.  Courts that have addressed this issue have concluded that dismissal with prejudice under 28 U.S.C. § 1915(e) is within the Court's discretion and, indeed, warranted when there is evidence of bad faith, manipulative tactics, or litigiousness.  See Castillo, 330 Fed. Appx. at 466-67 ("Though the statute is silent as to whether this dismissal should be with or

---

[2]The predecessor statute, 28 U.S.C. § 1915(d), stated that a court "may dismiss [a] case [brought in forma pauperis] if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Humphries v. Various ISINS Employees, 164 F.3d 936, 940 n.4 (5th Cir. 1999). However, Congress amended the statute to make dismissal mandatory, rather than permissive. 28 U.S.C. § 1915(e)(2)(A)(providing that "the court shall dismiss"...).

without prejudice, we noted that cases are appropriately dismissed with prejudice when 'evidence exists of bad faith, manipulative tactics, or litigiousness'")(citing <u>Lay v. Justices-Middle District Court</u>, 811 F.2d 285, 286 (5th Cir. 1987)); <u>Thomas v. GMAC</u>, 288 F.3d 305 (7th Cir. 2002)("Dismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government"); <u>Camp v. Oliver</u>, 798 F.2d 434 (11th Cir. 1986).

                                    II.

    The defendant seeks dismissal of Washington's complaint on the ground that discovery has revealed that Washington has made overt false representations and deceitful omissions that are sufficiently egregious to warrant the mandatory dismissal of his case with prejudice, as a penalty for defrauding the Court and as a deterrent of future conduct.  The plaintiff opposes the motion, asserting simply that he "reaffirms that the information contained in the Pauper Affidavit is true and correct to the best of his knowledge."

    The defendant submits record evidence that it says supports a finding that Washington was untruthful with the Court regarding his available income, real estate ownership, vehicle ownership, business interests, status of dependents, and alleged debts.  For example, the defendant first challenges Washington's truthfulness in answering Question 3 of the Pauper Affidavit.  Question 3 asked whether Washington had "in the past 12 months...received income" from any source.  Washington answered "no" for every source listed,

except that for income from "[a]ny other sources", he answered "yes", explaining that he received unemployment benefits that "ended as of February 2012." But the defendant submits that Washington's answer was incomplete and untruthful because he failed to disclose that during the 12 months prior to filing his Pauper Affidavit (between February 7, 2011 and July 28, 2011) he had in fact received compensation from the defendant in the amount of $18,672.50 and from Furnace and Tube Service, Inc. (in October 2011) in the amount of $6,068. The record confirms that the plaintiff was untruthful in his affidavit.

The defendant next points out that Washington also failed to disclose in his Pauper Affidavit that, during the relevant period, his wife was continuously receiving $46,000 annually as an employee of the U.S. Customs and Border Protection Services. This omission, the defendant suggests, is particularly egregious because at the same time Washington deliberately omitted his wife's salary from his available income, he deceptively included in his Pauper Affidavit his and his spouse's joint debts. The record evidence confirms that Washington, in fact, omitted from his Pauper Affidavit his wife's income.

The defendant also challenges the truthfulness of Washington's response to Question 5, which asks whether Washington owned, among other things, "[a]ny automobiles, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument

or thing of value..., including any item of value held in someone else's name."  In response, Washington listed only one item:  "2003 Mazda Truck valued at $800.00".  This is untruthful, insists the defendant, because Washington failed to disclose that he also owned (1) a tract of real estate with a 3,600 square foot residence at 19489 Lemon Street, Vacerie, Louisiana, which had an appraised value of approximately $250,000, an initial mortgage of $185,000, an initial mortgage loan balance of approximately $148,000, and a current mortgage loan balance of approximately $140,000; (2) a 2011 Chevrolet Cruz; (3) a 2007 Honda Accord; and (4) the sole ownership of his own general construction contracting company known as Sugar Ray Construction, L.L.C.  Again, the fact that Washington's Pauper Affidavit omitted any reference to these other items of value is confirmed by the record evidence submitted by the defendant.

Next, the defendant points out that Washington was untruthful in answering Question 7, which asked him to identify "all persons who are dependent on [him] for support, [his] relationship with each person, and how much [he] contribute[s] to their support." Washington listed his 17 year old step-daughter and his 12 year old step-son as dependent upon him for "100%" of their support.  That is untruthful, the defendant contends, because those two children are not dependent upon him for their support.  Washington now admits, the defendant points out, that the children were not entirely supported by him but, rather, by his wife's $46,000 salary

and one child's biological father.

Finally, the defendant points out that Washington claimed joint expenses and debts as his own.  These joint expenses and debts include the regular monthly household expenses he listed in his answer to Question 6, but also listed in his answer to Question 8, which included the two loans from River Region Federal Credit Union, the loan from Republic Finance, the loan from Tower Loan, the loan from Advantage, and the loan from St. James Credit (which was solely in Washington's wife's name).  Considered in the context of Washington's exclusion of his wife's income from the Pauper Affidavit, the defendant contends, the inclusion of these joint debts on his Pauper Affidavit further undermine the truthfulness of his Pauper Affidavit.  The Court agrees.

Based on the defendant's record evidence, the defendant has more than amply proved that the plaintiff's allegations of poverty are demonstrably untrue.  The plaintiff presented false and misleading information in his Pauper Affidavit; his perjury mandates dismissal of his Title VII lawsuit, with prejudice.[3] Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED; the plaintiff's complaint is hereby dismissed with

---

[3]Not only has the plaintiff failed to rebut the evidence submitted by the defendant, but he likewise fails to suggest that the defendant's evidence is unreliable, and fails to explain his false and inconsistent statements.  In fact, most of the record evidence consists of plaintiff's own admissions in his responses to interrogatories, disclosures, and questioning during his deposition.

prejudice.

New Orleans, Louisiana, April 29, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE